# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 13, 2024

Lyle W. Cayce
Clerk

No. 24-30197
Summary Calendar
_____

UNITED STATES OF AMERICA,

*Plaintiff—Appellee,*

*versus*

CHARLES J. ALEXANDER, JR.,

*Defendant—Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:23-CR-24-1

_____

Before RICHMAN, DOUGLAS, and RAMIREZ, *Circuit Judges*.
PER CURIAM:*

 Charles J. Alexander, Jr., was convicted by a jury of possession with intent to distribute cocaine and possession of a firearm by a convicted felon. The district court sentenced Alexander above the guidelines range to a total term of 180 months of imprisonment and three years of supervised release. On appeal, he contends that the district court procedurally erred by imposing

---

* This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

an upward variance without providing adequate reasons to distinguish his case from the average case involving convictions for the same offenses.

Although Alexander generally objected to the procedural reasonableness of the sentence at the sentencing hearing, he did not specifically object to the adequacy of the district court's reasons for imposing the sentence. Therefore, review is limited to plain error. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 360-61 (5th Cir. 2009). To establish plain error, Alexander must show a forfeited error that is clear or obvious and affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have the discretion to correct the error but will do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Even assuming that Alexander, by failing to file a reply brief addressing his sentencing issue under the plain error standard after the Government argued that plain error applies, has not waived any argument that the district court plainly erred, s*ee United States v. Ledezma-Cepeda*, 894 F.3d 686, 692 (5th Cir. 2018), he has not shown error. The district court gave fact-specific, extensive reasons consistent with the factors in 18 U.S.C. § 3553(a) for imposing an upward variance. After hearing the parties' arguments and Alexander's allocution, the court thoroughly explained its reasons for determining that an upward variance was warranted based on Alexander's history and characteristics, the nature and circumstances of this offense, and his lack of respect for the judicial process throughout his life. The court determined that Alexander's criminal history was grossly underrepresented because many of his prior convictions were too old to be included in the criminal history calculation. Further, the court noted the evidence was overwhelming that he possessed narcotics and firearms in two residences, he was cooking cocaine at his home, and he possessed multiple

firearms, even though he was a convicted felon prohibited from possessing them. In addition, the court determined that Alexander had an "utter lack of respect for the criminal justice process here," as he had absconded during the second day of the trial, he was on active state probation when he was arrested for the instant offense, and he had pending state and federal charges at the time of his sentencing.

The record does not support Alexander's arguments that the district court increased his sentence because it disagreed with the jury's decision to acquit him of count two, possession of a firearm in furtherance of a drug trafficking crime, or that it based the upward departure on that acquitted conduct. Nor, as Alexander suggests, did the district court plainly err in relying on information already accounted for by the Sentencing Guidelines to support the upward variance, *see United States v. Hudgens*, 4 F.4th 352, 358-59 (5th Cir. 2021); by "giving significant weight" to Alexander's "criminal history and its characteristics," including convictions that were not counted in his criminal history score, *see United States v. Fraga*, 704 F.3d 432, 440 (5th Cir. 2013); or by considering the sentencing factors in § 3553(a), such as the nature and circumstances of his offenses involving drugs and firearms or the need to promote respect for the law, given that he absconded during the trial, *see United States v. Smith*, 440 F.3d 704, 709 (5th Cir. 2006).

Because the record reflects that the district court gave extensive and thorough reasons for its decision to impose an upward variance, Alexander has not shown that the district court made a clear or obvious error. *See Puckett*, 556 U.S. at 135. Moreover, Alexander has not shown that any error affected his substantial rights as nothing in the record suggests that a more thorough explanation would have resulted in a shorter sentence. *See id.*; *United States v. Rivera*, 784 F.3d 1012, 1018 (5th Cir. 2015).

AFFIRMED.